The STATE of Ohio, Appellee,

v.

BACHMAN, Appellant.

[Cite as *State v. Bachman* (1991), 72 Ohio App.3d 496.]

Court of Appeals of Ohio,
Franklin County.

No. 90AP–981.

Decided Feb. 12, 1991.

*Michael Miller*, Prosecuting Attorney, and *Alan C. Travis*, for appellee.
*Mark Bachman, pro se.*

PEGGY BRYANT, Judge.

Defendant-appellant, Mark Bachman, appeals from a judgment of the Franklin County Common Pleas Court denying his motion for post-conviction relief. Defendant's single assignment of error states:

"Where a trial court imposes an indefinite sentence for a violation of R.C. 2925.03(A)(7), a criminal defendant has been denied due process of law and has been illegally sentenced."

Defendant entered a guilty plea to one count of aggravated trafficking in violation of R.C. 2925.03(A)(7). Pursuant to R.C. 2925.03(C)(6), defendant's conviction is a felony of the first degree, and the court "shall impose a sentence of actual incarceration of five years and if the offender has previously been convicted of a felony drug offense, the court shall impose a sentence of actual incarceration of at least seven years."

In accordance with the foregoing, as well as R.C. 2929.11, the trial court imposed an indefinite sentence of five to twenty-five years, with actual incarceration of five years.

Appellant filed for post-conviction relief, contending that he should have received a definite, rather than indefinite, sentence. The trial court overruled defendant's request for post-conviction relief, and defendant appeals therefrom.

Essentially, defendant contends that R.C. 2925.03, the specific sentencing statute for convictions of aggravated trafficking in drugs, controls the general felony sentencing statute found in R.C. 2929.11(B). Specifically, defendant points to the language of R.C. 2929.11(B), which provides:

"Except as provided in * * * Chapter 2925. of the Revised Code, terms of imprisonment for felony shall be imposed as follows:

" * * *

"(4) For a felony of the first degree, the minimum term shall be four, five, six, or seven years, and the maximum term shall be twenty-five years[.]"

Given the foregoing language, including the exception noted at the beginning of R.C. 2929.11(B), defendant contends that the trial court erred in imposing any sentence pursuant to R.C. 2929.11, arguing that "[i]f the legislature had intended R.C. 2925.03 and 2929.11 to be read together, then they would have provided for such a reading in R.C. 2925.03 and would not have expressly exempted R.C. [Chapter] 2925 from the sentencing guidelines of R.C. 2929.11." Hence, defendant contends that R.C. 2925.03 "must prevail as an exception to R.C. 2929.11," and that the trial court erred in sentencing defendant to a term of indefinite imprisonment pursuant to R.C. 2929.11.

This court considered a similar argument in *State v. Jarrell* (May 24, 1990), Franklin App. No. 90AP–220, unreported, 1990 WL 71012. Therein, the court stated:

"As indicated above, the word 'except' does not mean that the R.C. Chapter 2925 penalties are to be applied instead of an indefinite sentence under R.C. 2929.11. Moreover, the word 'except' does not mean that a sentence of actual incarceration is to be served in addition to an indefinite sentence. Compare R.C. 2929.71(A). *The word 'except' as used in R.C. 2929.11(B) can only mean that the general sentencing provisions in R.C. 2929.11 apply to drug offenses under R.C. Chapter 2925 except to the extent that the specific provisions for a given drug offense are inconsistent with the general sentencing statute.*" (Emphasis added.)

Finding the *Jarrell* decision to be controlling herein, we find, as did the court therein, that "actual incarceration" as used in R.C. 2925.03 is not inconsistent with an indefinite term of imprisonment under R.C. 2929.11. Rather, "the term 'actual incarceration' may serve as a substitute for or a portion of the minimum term provided in R.C. 2929.11."

As a result, in accordance with the *Jarrell* decision, we overrule appellant's single assignment of error, finding no error in the trial court's imposing a term of actual incarceration as part of the indefinite term specified in R.C. 2929.11. Having overruled defendant's single assignment of error, we affirm the judgment of the trial court.

*Judgment affirmed.*

WHITESIDE and MARTIN, JJ., concur.

WILLIAM J. MARTIN, J., of the Carroll County Court of Common Pleas, sitting by assignment.